# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 6212
LUMBER RIVER,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 69687

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The record on appeal demonstrates that respondent Bank of America tendered the entire unpaid lien amount reflected in the HOA's notice of default. Consequently, the HOA's foreclosure sale was void, as there was no portion of the lien that was in default at the time of the sale.[1] *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("The most common defect that renders a sale void is that the [lienholder] had no right to foreclose."); *see also Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. App. 1979) (payment of past-due installments cured loan's default

---

[1]For the HOA to foreclose on a lien consisting of unpaid assessments that accrued after Bank of America satisfied the previous lien, the HOA needed to issue a new notice of delinquent assessment and notice of default. *Cf. Property Plus Invs., LLC v. Mortgage Electronic Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process when a prior default has been cured).

18-904719

such that subsequent foreclosure on the property was void); Baxter Dunaway, The Law of Distressed Real Estate § 17:20 (2017) ("A foreclosure sale can be set aside by a court of equity by showing a lack of default."). Although appellant Saticoy Bay claims it is protected as a bona fide purchaser, we conclude that Saticoy Bay's putative status as a bona fide purchaser cannot validate an otherwise void sale. *See* Nelson, *supra*, § 7:21 ("Some defects are so substantial that they render the sale *void*. In this situation, neither legal nor equitable title transfers to the sale purchaser . . . . The most common defect that renders a sale void is that the [lienholder] had no right to foreclose, such as when . . . the [debt] is not in default."). We therefore

ORDER the judgment of the district court AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc: Hon. Jennifer P. Togliatti, District Judge
Janet Trost, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A